482 P.2d 237

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Leroy ALLEN, Defendant-Appellant.**
**No. 9114.**

Supreme Court of New Mexico.

Feb. 15, 1971.

Rehearing Denied March 23, 1971.

David F. Boyd, Jr., Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Roy G. Hill, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

An information filed in 1962, in the District Court of Bernalillo County, New Mexico, charged the defendant with the crime of second degree murder, to which he entered a guilty plea. He was sentenced to the State Penitentiary for a period of not less than three nor more than fifty years.

Defendant filed several motions and habeas corpus petitions to vacate judgment and sentence, the last being on January 22, 1970, which motion was denied. The sentencing judge, however, in the order denying post conviction relief, did amend the sentence from that as originally imposed to a new sentence of not less than three years nor more than life imprisonment. The defendant was not before the court when the amended sentence was imposed. In this aspect the trial court erred, as this court held in State v. Verdugo, 78 N.M. 372, 431 P.2d 750 (1967):

"* * * When a sentence has been set aside, the defendant's presence is as necessary at resentencing as it was at the time of the original sentencing. * * *"

We agree.

Defendant contends that the order amending the sentence placed him in double jeopardy, contrary to the Fifth Amendment of the United States Constitution and Art. II, § 15, New Mexico Constitution. Increasing a sentence, after a defendant has commenced to serve it, is a violation of the constitutional guarantee against double jeopardy. United States v. Sacco, 367 F.2d 368 (2d Cir. 1966). The United States Supreme Court, in Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), in speaking of the scope of the double jeopardy guarantee, stated:

"* * * [T]here has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense."

Here defendant has served a substantial portion of the original sentence, as he has been incarcerated for over eight years.

There being double jeopardy, we concur in the statement of the United States Court of Appeals in Sullens v. United States, 409 F.2d 545 (5th Cir. 1969) that:

"* * * This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' * * * The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. * * *"

Defendant further contends that the amended sentence was illegal, since he was then serving a valid sentence. We have held that the law, at the time of the commission of the offense, is controlling. Williams v. State, 81 N.M. 605, 471 P.2d 175 (1970). The controlling statute at the time of the commission of the offense in 1962, Laws 1939, ch. 49, § 1, (repealed 1963), provided:

"* * * Every person convicted of murder in the second degree shall be punished by imprisonment in the state penitentiary for *any period of time not less than three [3] years*; * * *." (Emphasis added.)

Defendant concedes that the statutory language "any period of time not less than three [3] years" permits the imposition of life imprisonment as a maximum sentence. State v. Turnbow, 81 N.M. 254, 466 P.2d 100 (1970). In Williams v. State, supra, the defendant was sentenced to not less than twenty-five years nor more than thirty-five years for conviction of second degree murder. The court held this was a permissible sentence.

Although the trial court could have sentenced defendant in the original instance to not less than three years nor more than life imprisonment, it did not. Clearly, it cannot do now what it should have, or at least could have, done in 1962. The original sentence was in fact valid and we concede the correctness of the holding in State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968), that:

"There is considerable authority to the effect that a trial court is without power to set aside a valid sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment. A judgment which attempts to do so is void, and the original judgment remains in force. * * *"

We remand to the trial court with direction to have the defendant present in court for resentencing to not less than three years nor more than fifty years, as the original sentence was valid.

In view of the remand, there is no necessity for further discussion.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.