624 P.2d 520

**STATE of New Mexico, Petitioner,**

v.

**Ricardo AGUILAR, Respondent.**

**No. 13169.**

Supreme Court of New Mexico.

Feb. 23, 1981.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Aguilar was convicted of aggravated assault with a deadly weapon (a firearm). The trial court ruled that the mandatory incarceration provision of the firearm enhancement statute, Section 31–18–16, N.M. S.A. 1978 (Cum.Supp.1980), is unconstitutional as a violation of the doctrine of separation of powers. The trial court then sentenced Aguilar to one year enhanced by the additional one year mandated by the enhancement statute, suspended the entire sentence, and placed Aguilar on probation. The State appealed the sentence. The Court of Appeals dismissed the appeal on the ground that the State had no right to an appeal in these circumstances and should have petitioned this Court for extraordinary relief. We granted certiorari and reverse the Court of Appeals and reinstate the appeal.

The sole issue is whether the State, under the circumstances of this case, has a right to an appeal.

The State acknowledges that it has no statutory right to an appeal under Section 39–3–3, N.M.S.A. 1978. However, the State contends that it has a constitutional right to an appeal under Article VI, Section 2 of the New Mexico Constitution, which provides, in part, that "[i]n all other cases, criminal and civil, the supreme court shall exercise appellate jurisdiction as may be provided by law; provided that an aggrieved party shall have an absolute right to one appeal." Thus the key question presented is whether the State is an "aggrieved party" in this case for the purpose of an appeal.

This issue was recently considered by the Court of Appeals in *State v. Santillanes*, 20 N.M.St.B.Bull. 163, 95 N.M. 426, 622 P.2d 1046 (App.1980). Both parties have petitioned this Court for a writ of certiorari in that case. The defendant's petition, which raised the issue presented here, was denied on January 19, 1981. The State's petition, granted on January 28, 1981, does not question that portion of the Court of Appeals' opinion relevant here.

In *Santillanes*, the State appealed from an order of the trial court striking a supplemental information which alleged a second violation of the Controlled Substances Act for the purpose of enhancing the sentence, on the basis that such an enhancement, after sentence had been imposed, would violate the double jeopardy clause. The Court of Appeals held that the State is an "aggrieved party" under N.M.Const. Art. VI, § 2 where it alleges a disposition contrary to law in a criminal proceeding.

We agree with the result and reasoning of the Court of Appeals' opinion authored by Judge Walters in *Santillanes* and adopt that portion of the opinion pertaining to this issue. We therefore hold that the State is an "aggrieved party" under the circumstances of this case and has a constitutional right to an appeal.

We limit our holding to the facts of this case and caution that the State does not have an absolute right to appeal in every situation in which it may feel "aggrieved" by a trial court's ruling. Our decision is founded upon the State's strong interest in the enforcement of its statutes. Where, as here, the trial court refuses to enforce a state sentencing statute on the basis that it is unconstitutional, the State is an aggrieved party with an absolute right to appellate review of that ruling under Article VI, Section 2 of the New Mexico Constitution.

The dismissal of the appeal by the Court of Appeals is reversed. The appeal is reinstated and remanded to the Court of Appeals for a consideration of the merits of the appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, FEDERICI and RIORDAN, JJ., concur.