706 P.2d 875

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael RUSHING, Defendant-Appellant.**

**No. 8201.**

Court of Appeals of New Mexico.

Sept. 5, 1985.

Paul Bardacke, Atty. Gen., Alicia Mason, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Scott McCarty, Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

## FACTS

Defendant was convicted on August 23, 1983 of dogfighting, a fourth degree felony, in violation of NMSA 1978, Section 30–18–9 (Repl.Pamp.1984). During the sentencing hearing held November 17, 1983, defendant stated that he kept pit bulls as pets, but that he did not fight or train them for fighting. On the basis of defendant's statements and his pre-sentence report, the trial court announced that it would defer sentencing for eighteen months and place defendant on probation, subject to certain conditions and payment of $50 fee per month for probation costs.

Before the court entered a written judgment and sentence, it received a letter indicating that defendant's statements at the hearing were incorrect because one of defendant's "pets" had won three money fights. The court forwarded the letter to the prosecution, which investigated and mailed a motion to reconsider defendant's sentence on December 2, 1983, filed December 14, 1983. Defense counsel received a copy of the motion on December 5, notified defendant and advised him to consider himself on probation. The following day, defendant allegedly commenced service of his sentence by submitting a monthly probation report to the Corrections Department and paying the $50 monthly probation costs.

On December 22, 1983, the court heard the motion to reconsider and then sentenced defendant to eighteen months of imprisonment, with all but fifteen days suspended. The court also fined defendant $500, reduced probation costs to $15 per month and required defendant to divest himself of all pit bulls. The trial court filed written judgment and sentence on January 3, 1984 and signed the formal order of probation on January 10, 1984.

Defendant moved, under NMSA 1978, Crim.P.Rule 57.1 (Repl.Pamp.1980), for correction of an illegal sentence. The court denied defendant's motion, and it is from this denial that the defendant appeals.

The single issue presented on appeal is whether the court's resentencing placed defendant in double jeopardy based upon defendant's claim that he had already commenced service of the sentence orally pronounced on November 17, 1983.

## DISCUSSION

The trial judge had authority to change the orally-pronounced sentence prior to entry of written judgment and sentence. *State v. Diaz*, 100 N.M. 524, 673 P.2d 501 (1983). An oral pronouncement is not a final judgment and is subject to change until reduced to writing. *Id.*, see NMSA 1978, Crim.P.R. 46 (Repl.Pamp. 1980). Defendant argues, however, that he had begun to serve the orally-imposed sentence, and that under those circumstances, the trial court could not increase his sen-

tence. *State v. Allen,* 82 N.M. 373, 482 P.2d 237 (1971); Annot., 26 A.L.R.4th 905 (1983).

■ In this case, after the oral sentence had been pronounced, defendant reported to the probation office to sign the standard probation form and paid the fee for probation costs. Defendant argues that by those actions, he commenced to serve his sentence. On the facts of this case, we hold that the trial court was not precluded from entering a written judgment that differed from the prior oral one.

A review of the record clearly shows that the trial court carefully considered the facts of this case before it denied defendant's motion under Rule 57.1. In addition, the trial judge undertook the unusual step of issuing a memorandum opinion in which he set out the rationale for his ruling. We believe that the trial court was correct in finding that, "It is not every insignificant act performed by a defendant that constitutes commencement of service of a criminal sentence." The trial judge went on to state:

In this proceeding the only act performed by the defendant prior to his learning of the motion to reconsider was reporting to the probation officer, and the Court does not believe that this constitutes service of a portion of the oral sentence. When the defendant learned that the State was going to file the motion he attempted to frustrate the Court's power to correct the oral pronouncement of judgment by paying the first installment of his probation costs. However, to hold that such constitutes service of a portion of the sentence would mean that a defendant could play fast and loose with the Court and profit by his own wrongful acts.

The defendant cannot be punished for perjury because he was not under oath at the time he made the misrepresentations. Indeed, the right of allocution can be exercised by defendant, and he is not required to be first sworn to exercise this right. To hold that a defendant may deliberately make false representations in order to receive a lighter sentence, and to then, when the falsity is discovered, rush out and attempt to take some action that would constitute commencement of service of the oral sentence and thereby tie the Court's hands, would make a mockery of a sentence hearing.

Defendant in this case had actual and constructive knowledge of the state's authority to move for reconsideration of the pronounced sentence. In fact, defendant submitted a report and paid the fee for probation costs after he received notice of the prosecution's motion to reconsider his sentence. In other words, defendant had notice that the trial court's oral sentence was not final. The United States Supreme Court has held that double jeopardy considerations exist to protect a defendant's expectations of finality without providing the "defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980); *see also* Annot., 26 A.L.R.4th 905, 941. Under the facts peculiar to this case, which involve the timing of defendant's actions, and defendant's lack of candor with the court regarding his involvement in dogfighting, the defendant will not be permitted to claim that double jeopardy barred the court's resentencing. *State v. Nardone,* 114 R.I. 363, 334 A.2d 208 (1975).

■ We hold defendant had not commenced to serve his sentence because the actions on which he relies created no reasonable expectations of finality. Further, we hold that double jeopardy principles do not preclude vacating a deferred sentence obtained on the basis of defendant's misrepresentation at the time of sentencing. *State v. Nardone.*

The judgment and sentence appealed from is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.