744 P.2d 166
**STATE of New Mexico,**
**Plaintiff–Appellant,**

v.

**David Leon CHEADLE,**
**Defendant–Appellee.**

**No. 16919.**

Supreme Court of New Mexico.

Oct. 7, 1987.

Hal Stratton, Atty. Gen., William Primm, Asst. Atty. Gen., Santa Fe, Steven Schiff, Dist. Atty., Harry Zimmerman, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Lynn Fagan, Appellate Defender, Benjamin A. Gonzales, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

Defendant originally was sentenced on February 22, 1982 in the Second Judicial District by Judge Stowers to various terms for three non-capital offenses, and to death for the offense of murder. Judge Stowers further ruled that all sentences were to run concurrently. Two years later the defendant moved to have the death sentence set aside on grounds of ineffective counsel. Judge Ashby was then assigned the case, and he granted defendant's motion to set aside the death penalty and ordered a new hearing as to the sentence. The jury at the second sentencing hearing was unable to reach a verdict, and thus Judge Ashby sentenced the defendant to life imprisonment, ruling that the sentence was to run concurrently with the defendant's other prior sentences. The State filed a motion for reconsideration of the concurrent life sentence, seeking to have that sentence run consecutively with the remainder of defendant's other sentences. Judge Ashby denied the State's motion, ruling as follows:

The Court is ready to rule. I have anticipated these arguments and have considered them. In the Court's opinion, this is not a matter of discretion. If the Court were to exercise its discretion in this matter, the Court might very well impose an enhanced sentence, if I could, having heard all the facts and having listened to the evidence, not only of the

original trial by tapes, but of the sentencing hearing over which I presided.

However, I don't think I have any jurisdiction in this case to impose a sentence greater than that sentence which was imposed by Judge Stowers.

The only matter before this Court was that of whether or not the jury was going to bring in a death sentence or a life sentence for [defendant]. The jurisdiction of this court was limited, in my opinion, to that issue.

Therefore, I believe *State v. Allen* is controlling * * *. I want to make it very clear that I am not exercising my discretion in this matter, and I want to make it very clear, if I were exercising any discretion, I might very well impose an enhanced sentence. I don't think I have the power to do so. And therefore, the motion is denied.

The present appeal followed. We affirm. The issues on appeal may be consolidated under a single heading.

**The State's Right to Appeal as it Relates to the Double Jeopardy Issue.**

A. Defendant contends that the State has no right to appeal, relying on NMSA 1978, Section 39–3–3(B), which grants the State the right to appeal an order dismissing an indictment or information, or to appeal an order of a district court suppressing or excluding evidence. Subsection (C) prohibits appeals "when the double jeopardy clause of the United States Constitution or the Constitution of the State of New Mexico prohibits further prosecution." § 39–3–3(C). The New Mexico Constitution, art. VI, section 2 provides, "an aggrieved party shall have an absolute right to one appeal." Since subsection (B) of Section 39–3–3 does not apply, we are left with the questions of whether the State is an "aggrieved party" and whether double jeopardy provisions prohibit the State's appeal.

In *State v. Aguilar*, 95 N.M. 578, 624 P.2d 520 (1981), we held that the State was an aggrieved party with a right to appeal within the meaning of article VI, section 2, where the trial court had ruled unconstitutional a mandatory incarceration provision in a statute relating to firearm enhancement. In that case we limited our ruling to a situation in which the State had a "strong interest in the enforcement of its statutes" and explicitly limited our holding to the facts of that case. *Id.* at 579, 624 P.2d at 521. Here no statute is involved.

The court of appeals has ruled in like manner that the State may appeal an adverse ruling in a criminal case where the State makes "a claim [that there was a] * * * disposition [in the trial court] contrary to law." *State v. Santillanes*, 96 N.M. 482, 486, 632 P.2d 359, 363 (Ct.App.1980) *modified*, 96 N.M. 477, 632 P.2d 354 (1981). The defendant here argues that since no statute is involved and since the trial court's sentencing of the defendant was not contrary to law, the State is not an aggrieved party and may not proceed on appeal. The State contends that the trial court's failure to exercise its discretion was an action contrary to law, although it can find no statute or New Mexico decision to support this proposition.

In its ruling of December 10, 1986, the trial court relied on *State v. Allen*, 82 N.M. 373, 482 P.2d 237 (1971). In that case, we held that the trial court committed error in changing the defendant's sentence from what it was originally—not less than three years nor more than fifty years—to not less than three years nor more than life imprisonment. The trial court's decision in *Allen* to change the sentence followed a series of post-conviction motions in which defendant had sought to vacate judgment and sentence. The defendant had been incarcerated for some eight years when the trial court denied the defendant's last motion and increased the term of the defendant's sentence. In remanding the case to the trial court for proper resentencing, we held:

Although the trial court could have sentenced defendant in the original instance to not less than three years nor more than life imprisonment, it did not. Clearly, it cannot do now what it should have, or at least could have, done [eight years earlier, at the original sentencing]. The original sentence was in fact valid and

we concede the correctness of the holding in *State v. Baros*, 78 N.M. 623, 435 P.2d 1005 (1968), that ' * * * a trial court is without power to set aside a valid sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment.'

*Id.* at 374, 482 P.2d at 238.

■ Our decision in *Allen* was based on the guarantee against double jeopardy provided by the fifth amendment to the United States Constitution and by art. II., section 15, of the New Mexico Constitution. In assessing the trial court's conduct here as to the sentencing of defendant, we must not become so involved in procedural niceties related to the court's exercise of discretion as to overlook the more fundamental double jeopardy issue. As stated above, Section 39–3–3(C) precludes an appeal by the State when the constitutional guarantee against double jeopardy prohibits further prosecution. Thus, the issue of double jeopardy and not the issue involving the State's status as an aggrieved party is the more basic issue presented on appeal—one that disposes of and takes precedence over the other issues. Hence, we turn our attention to that issue.

B. The defendant argues that even assuming the State has a right of appeal and the trial court properly exercised its jurisdiction in considering the State's motion, the trial court nonetheless is prohibited from resentencing the defendant so that his life sentence runs consecutively with his other sentences. The defendant relies on *State v. Baros, State v. Allen,* and *State v. Verdugo,* 79 N.M. 765, 449 P.2d 781 (1969). In the latter case, the trial court had sentenced the defendant to two concurrent sentences. The defendant appealed, and the case was remanded with instructions to resentence the defendant as to one of his sentences. Upon resentencing, the trial court directed that the defendant serve the latter sentence consecutively with his other sentence. The decision of the trial court was reversed, and the case was remanded with instructions to resentence the defendant to two concurrent sentences as in the trial court's original sentencing decision.

In the case before us, the defendant argues that if the trial court were to resentence him now, after he has begun serving the sentence imposed following the second sentencing hearing, the new imposition of sentence would fly in the face of the decisions in *Baros, Allen* and *Verdugo,* and would constitute a violation of the defendant's constitutional right not to be placed in double jeopardy.

The State counters by arguing that subsequent to the above decisions, the United States Supreme Court has substantially revised the rule as to double jeopardy insofar as it applies to sentencing. In particular, the State relies on *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) and *Pennsylvania v. Goldhammer,* 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985).

In *DiFrancesco,* a defendant convicted of racketeering was sentenced as a dangerous special offender under the Organized Crime Control Act of 1970 to two concurrent ten-year terms in prison. The ten-year terms were also to run concurrently with an earlier nine-year sentence imposed for another offense. Since the two ten-year terms amounted to simply a one-year extension of the nine-year sentence, the United States appealed, seeking review of the sentences. The Court of Appeals for the Second Circuit dismissed the appeal on double jeopardy grounds, but the Supreme Court reversed the court of appeals.

The Court based its ruling on the finality which a criminal defendant is entitled to expect of criminal proceedings undertaken against him. In the case of an acquittal, the bar of jeopardy is absolute, because the defendant is entitled to expect absolute finality in the trial of a case concluding in his favor. *Id.* 449 U.S. at 129–30, 101 S.Ct. at 433–34. In the case of a trial court's review of a defendant's sentence following the defendant's own challenge to the judgment upon which that sentence is based (or following the defendant's challenge to the sentence itself), the defendant has no right to expect that the original sentence shall be

final, and thus the defendant may not attack a new sentence in such a situation, even if the new sentence increases the punishment imposed by the original sentence. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Addressing itself to the particular factual situation underlying its decision, the Court in *DiFrancesco* held:

> Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as in the dangerous special offender statute, *Congress has specifically provided that the sentence is subject to appeal.* Under such circumstances there can be no expectation of finality in the original sentence.

449 U.S. at 139, 101 S.Ct. at 438 (emphasis added).

In *Pennsylvania v. Goldhammer*, the defendant was convicted on fifty-six counts of theft, but sentenced to prison for only one of the counts. On defendant's appeal to an intermediate appellate court, thirty-four of the theft counts were held barred by the statute of limitations, including the one for which a prison sentence had been imposed. The State then appealed to the Supreme Court of Pennsylvania, seeking a remand requiring resentencing on the twenty-two affirmed counts for which the defendant had not originally been sentenced. The Supreme Court of Pennsylvania denied the State's request, holding that the Double Jeopardy Clause barred resentencing on the twenty-two counts on which conviction had been affirmed after the State's appeal.

In reversing the Supreme Court of Pennsylvania, the Supreme Court relied explicitly on its ruling in *DiFrancesco*. The Court held, "a resentencing after an appeal intrudes even less upon the values protected by the Double Jeopardy Clause than does a resentencing after a retrial." *Id.* 474 U.S. at 30, 106 S.Ct. at 354. Yet, the Court once again emphasized the particular factual

setting in which *DiFrancesco* was decided: "In *DiFrancesco* a federal statute clearly allowed the appellate review of the sentences at issue. The [*DiFrancesco*] Court noted that, in light of that statute, the defendant could not claim any expectation of finality in his original sentencing." *Id.* Because the Supreme Court of Pennsylvania had held that resentencing was barred by the Double Jeopardy Clause, the Court in *Goldhammer* remanded the case for a determination of "whether the Pennsylvania laws in effect at the time allowed the State to obtain review of the sentences on the counts for which the sentence had been suspended." *Id.* Clearly then, the *DiFrancesco* ruling is limited to the narrow factual setting in which a federal or state statute permits the prosecution to appeal a trial court's sentence.

This reading of *DiFrancesco* recently was emphasized in *United States v. Earley*, 816 F.2d 1428 (10th Cir.1987). Recognizing that the ruling in *DiFrancesco* was limited to the narrow situation in which a statute authorizes the prosecution to appeal a defendant's sentence, the court in *Earley* adhered to what it called the traditional "bright-line rule," whereby the power of the sentencing court to amend a defendant's sentence ends when the defendant "crosses a 'bright line' from the jurisdiction of the courts to executive custody." *Id.* at 1433.

■ We think it sufficiently clear from the above that neither *DiFrancesco* nor *Goldhammer* overrules our decisions in *Baros, Verdugo* or *Allen,* and that as a result it is still improper for a trial court in New Mexico to "set aside a valid sentence after a defendant has been committed thereunder, and impose a new or different sentence increasing the punishment." *Baros,* 78 N.M. at 626, 435 P.2d at 1008. We note that our ruling is in accord with that taken by the majority of the courts in the various states. *See* Annot., 26 A.L.R. 4th 905 (1983), *Power of State Court, During Same Term, to Increase Severity of Lawful Sentence—Modern Status.*

■ In its judgment and sentence dated October 30, 1986, the trial court sentenced

defendant to life imprisonment, with that sentence to run concurrently with his previous sentences. On that day the defendant was returned to custody and began serving his life sentence. On November 7, 1986, the State moved the trial court to reconsider defendant's sentence. The court declined to exercise its discretion to reconsider the sentence and in doing so, it acted correctly. The decision of the trial court denying the State's motion for reconsideration is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concur.