This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,312**

**WILLIAM CORY GANN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant was convicted of aggravated assault upon a peace officer with a deadly weapon, contrary to NMSA 1978, Section 30-22-22(A)(1) (1971), and possession of a firearm by a felon, contrary to NMSA 1978, Section 30-7-16(A) (2001). Defendant appeals his sentence, arguing that the district court violated his constitutional guarantee against double jeopardy when it granted his motion to run his sentence concurrently with the sentence imposed in his probation proceeding, and thereafter reconsidered and reinstated the original consecutive sentence. For the reasons that follow, we affirm Defendant's consecutive sentence.

**BACKGROUND**

On February 7, 2011, Defendant pled no contest to aggravated assault on a peace officer with a deadly weapon and possession of a firearm by a felon. The district court entered a judgment convicting Defendant and sentencing him to a total prison term of four years followed by a two-year parole term. The district court was aware of a pending proceeding regarding Defendant's probation violation and ordered that the four-year sentence "shall run consecutively to the sentence imposed [in the probation proceeding]."

On April 5, 2011, Defendant filed a motion to reconsider the sentence, asking the district court to reconsider its decision to run the sentences consecutively versus concurrently. One day later, and without awaiting a response from the State or

holding a hearing on Defendant's motion, the district court signed the form order submitted by Defendant ordering that the sentence "shall run concurrently with the sentence in [the probation proceeding]." Two days later, on April 8, 2011, the State filed a motion to set aside the new order, arguing that the State had not had an opportunity to respond to Defendant's motion to reconsider and that the victims are entitled to notice of any and all hearings. In response, Defendant conceded that the State should have had an opportunity to be heard regarding whether the sentence should run consecutively or concurrently, but requested that the April 6, 2011 order remain in place. The district court proceeded to hold a hearing on the State's motion and ultimately reinstated Defendant's original consecutive sentence.

Defendant filed another motion to reconsider, arguing that he had begun serving his sentence at the time of the April 6, 2011 order and that his sentence therefore could not be increased without violating double jeopardy because he had a reasonable expectation of finality in the amended sentence. The district court denied Defendant's motion, and this appeal followed.

**DOUBLE JEOPARDY**

On appeal, Defendant argues that he had an expectation of finality in the concurrent sentences imposed by the April 6, 2011 order because he was already serving his sentences at the time the order was issued. Therefore, he argues that the

3

subsequent April 8, 2011 order, reinstating consecutive sentencing, violated his right to finality in his sentence and implicated the constitutional guarantee against double jeopardy. We review Defendant's contention that the subsequent modification of his sentence violated his constitutional guarantee against double jeopardy de novo. *See State v. Lopez*, 2008-NMCA-002, ¶ 12, 143 N.M. 274, 175 P.3d 942.

"It is a well-established principle of New Mexico law that a [district] court generally cannot increase a valid sentence once a defendant begins serving that sentence." *State v. Porras*, 1999-NMCA-016, ¶ 7, 126 N.M. 628, 973 P.2d 880. This Court has since clarified that "[i]ncreasing a defendant's sentence after a defendant begins serving the sentence implicates double jeopardy concerns if a defendant's objectively reasonable expectations of finality in the original sentencing proceedings are violated." *State v. Redhouse*, 2011-NMCA-118, ¶ 10, 269 P.3d 8. Thus, the question presented in this appeal is whether Defendant had an objectively reasonable expectation of finality that would prevent the district court's reconsideration of the April 6, 2011 order. We conclude that under the circumstances, Defendant had no reasonable expectation of finality and that double jeopardy did not preclude the subsequent modification of Defendant's sentence.

In this case, the district court originally ruled that Defendant's sentences were to be run consecutively. Defendant filed a motion to reconsider attaching a form

4

order, which the district court signed the day after the motion was filed. After the district court signed Defendant's form order on April 6, 2011, without allowing the State an opportunity to respond, the State had the right to ask the district court to reconsider its decision pursuant to both NMSA 1978, Section 39-1-1 (1917), and Rule 5-801(A) NMRA. Section 39-1-1 provides that a district court's final judgment or decree shall remain under the court's control for a period of thirty days and for such additional time as may be necessary to enable the court to rule on any motion directed against the judgment or decree and filed within the thirty-day period. The State filed its motion for reconsideration on April 8, 2011, just two days after the entry of the April 6, 2011 order, and the district court's May 13, 2011 ruling on the motion was within the time permitted by Section 39-1-1.

Additionally, the State had the right to ask the district court to reconsider its decision pursuant to Rule 5-801(A), which authorizes the district court to "correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence." This Court has recently confirmed that Rule 5-801(A) applies to the state as well as defendants, holding that there is no indication that Rule 5-801(A) was "meant to apply only to defendants or except the [s]tate from its seemingly broad reach." *State v. Torres*, 2012-NMCA-026, ¶ 31, 272 P.3d 689, *cert. granted*, 2012-NMCERT-__, __ P.3d __ (March 2, 2012). Defendant's sentence was

imposed in an illegal manner in that the district court violated the New Mexico Rules of Criminal Procedure and local court rules when granting Defendant's motion without allowing the State an opportunity to respond. *See State v. Chung*, 2012-NMCA-049, ¶ 9, __ P.3d __, *cert. granted*, 2012-NMCERT-__, __ P.3d __ (May 11, 2012). Under our Rules of Criminal Procedure, the State had a right to file a responsive pleading within fifteen days after service of Defendant's motion. Rule 5-120(C) NMRA (stating that the moving party shall determine if the motion is opposed, and if it is not opposed, an order initialed by opposing counsel shall accompany the motion); Rule 5-120(E) ("Unless otherwise specifically provided in these rules, a written response shall be filed within fifteen (15) days after service of the motion."). The State also had the right to file a response under the district court's local rules. LR11-104(B) NMRA ("The responding party shall have fifteen (15) days after service of the motion to answer by written brief."). Nonetheless, the district court granted the motion without affording the State an opportunity to respond, in violation of the Rules of Criminal Procedure and the district court's own rules. Further, the district court granted the motion without holding a hearing or considering any evidence, considering or applying applicable case law and standards, or making pertinent findings of fact and conclusions of law. By granting the motion under these circumstances, the district court sentenced Defendant "in an illegal manner," and the

6

State had the right to move the court to reconsider its ruling under Rule 5-801(A). *See Chung,* 2012-NMCA-049, ¶ 9 (holding that granting the state's motion the day after it was filed, without affording the defendant an opportunity to respond, and without a hearing or considering evidence, was error).

Defendant is charged with knowledge of applicable rules and statutes, and he therefore was on notice that, for a limited period of time, the State could seek reconsideration and correction of the April 6, 2011 order pursuant to both Section 39-1-1 and Rule 5-801(A). In fact, Defendant conceded in response to the State's motion to reconsider that the State should be given an opportunity to be heard on whether Defendant's sentences should run concurrently or consecutively. Therefore, on these facts, Defendant can have no reasonable expectation of finality in his sentence until the applicable time periods for reconsideration have expired. *See State v. Rushing*, 103 N.M. 333, 335, 706 P.2d 875, 877 (Ct. App. 1985) (holding that the defendant had no reasonable expectation of finality in a sentence obtained through misrepresentations at the time of sentencing). Without a reasonable expectation of finality, the district court's subsequent reinstatement of Defendant's consecutive sentence does not violate Defendant's constitutional guarantee against double jeopardy.

**CONCLUSION**

7

We affirm Defendant's conviction and sentence.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**