This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**                                                  **No. 34,939**

**DYLAN MAHO,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Cherylinn Gunning, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Dylan Maho appeals from an order revoking his probation. [DS 3; RP 127, 133] We issued a notice proposing to reverse. The State filed a memorandum

in opposition, which we have duly considered. We are not persuaded by the State's arguments and therefore reverse.

{2}     As discussed in our notice of proposed disposition, Defendant pled no contest to three counts of voyerurism (under the age of 18), pursuant to a plea and disposition agreement that was entered on May 2, 2014 [RP 35]; the sentencing hearing was held on December 11, 2014, at which time Defendant was sentenced to serve 364 days in the Community Custody Program (CCP) in the Metropolitan Detention Center (MDC), followed by three years of supervised probation [RP 96]; and the judgment was entered on April 6, 2015 [RP 96]. [CN 2] Subsequent to his sentencing hearing and prior to entry of the written judgment, Defendant voluntarily reported to the probation office because "MDC would not accept him at CCP due to a lack of any court order or other official paperwork stating that he was supposed to be taken into custody." [CN 2-3 (quoting RP 100)] According to trial counsel, "[a]lthough [Defendant] was not supposed to be reporting to probation, the probation division undertook to supervise him." [CN 3 (quoting RP 100)] The State filed its first motion to revoke Defendant's probation on March 25, 2015, before entry of the judgment. [CN 3; RP 84; *see also* RP 106 (addendum to the motion to revoke probation, filed May 4, 2015)] The order revoking Defendant's probation, entered on July 15, 2015, was based on violations charged in the first motion to revoke probation and the

addendum to the motion to revoke probation. [CN 3; RP 127]

**{3}** Given the procedural history in this case, we proposed to conclude that the district court lacked the authority to revoke Defendant's probation because he was not on probation at the time that he allegedly violated probation. [CN 3-4] We also noted that, according to the judgment, Defendant was sentenced to "supervised probation for three (3) years *following* release from custody[.]" [CN 4 (quoting RP 97 (emphasis added))]

**{4}** In response to our notice of proposed disposition, the State argues that the district court had the authority to revoke Defendant's probation for two reasons. First, the State asserts that "it is well established that a court has the authority to revoke a defendant's probation even before the probationary period has begun." [MIO 1, 3-5] In support of this argument, the State relies on *State v. Lopez*, 2007-NMSC-011, 141 N.M. 293, 154 P.3d 668. [MIO 4] In *Lopez*, our Supreme Court held that "after the court has entered an order of probation and before the full suspended sentence has expired, the court has the authority to revoke probation regardless of whether the probationary term has commenced, or whether a defendant is serving a portion of the underlying sentence." *Id.* ¶ 15; *see also State v. Padilla*, 1987-NMCA-116, ¶ 7, 106 N.M. 420, 744 P.2d 548 ("The sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of

3

judgment and prior to the expiration of the sentence."). In the present case, some of the alleged probation violations occurred prior to entry of the written judgment and sentence. Therefore, we are not persuaded by the State's argument that "under the controlling case law[,] the trial court had the authority to revoke Defendant's probation even though his probationary period had not yet begun." [MIO 5]

{5}    In its second argument, the State asserts that the district court had the authority to revoke Defendant's probation after its oral sentencing order on December 11, 2014, but before the underlying judgment was entered on April 6, 2015, because "the written judgment did not differ from the oral order." [MIO 5] The State does not dispute that "[i]t is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment." *State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501; *see also State v. Lohberger*, 2008-NMSC-033, ¶ 20, 144 N.M. 297, 187 P.3d 162 ("[A] trial court's oral announcement of a result is not final, and parties to the case should have no reasonable expectation of its finality."); *State v. Vaughn*, 2005-NMCA-076, ¶ 15, 137 N.M. 674, 114 P.3d 354 ("The general rule in New Mexico is that an oral ruling by a trial court is not final and, with only limited exceptions, it is not binding."). [MIO 5] Instead, the State argues that, pursuant to *State v. Porras*, 1999-NMCA-016, 126 N.M. 628, 973 P.2d 880, "Defendant (and the State) 'had a reasonable expectation in

4

the finality' of this oral sentence, and Defendant acted on that expectation" when he voluntarily reported to the probation office. [MIO 5-6; RP 100]

{6} The facts in *Porras* are distinguishable from those in this case. In *Porras*, the defendant was sentenced for two counts of fraudulent use of a credit card on July 7, 1997, at which time he was remanded to the custody of the sheriff; the defendant remained in custody until August 18, 1997, at which time a trial was held on his habitual offender charge; following the trial on the habitual offender charge, the trial court increased the sentence on the underlying charges. 1999-NMCA-016, ¶¶ 1, 3-5. The defendant appealed the increased sentence and argued that once he began serving his original ninety-day sentence, the trial court was precluded from increasing the sentence on the underlying charges, regardless of whether the sentence could be increased based upon his habitual offender status. *Id.* ¶ 6. We agreed and held that, on the facts in that case, "[the d]efendant had a reasonable expectation in the finality of the oral sentence when he was incarcerated on that sentence, regardless of the fact that it had not been reduced to writing." *Id.* ¶ 14.

{7} The facts in the present case are more akin to those in *State v. Rushing*, 1985-NMCA-091, 103 N.M. 333, 706 P.2d 875. In *Rushing*, we reaffirmed the principle in New Mexico that "[a]n oral pronouncement is not a final judgment and is subject to change until reduced to writing." *Id.* ¶ 6. We also rejected the defendant's

argument that he had begun to serve the orally-imposed sentence by reporting to the probation office to sign the standard probation form and paying the fee for probation costs, and that under those circumstances, he had a reasonable expectation of finality in the oral ruling, such that the trial court could not increase his sentence. *Id.* ¶¶ 6-7. We held that the "defendant had not commenced to serve his sentence because the actions on which he relies created no reasonable expectations of finality." *Id.* ¶ 10.

{8}     Having considered the State's arguments and not finding them persuasive, we hold that the district court lacked the authority to revoke Defendant's probation. Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

{9}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6