| STATE V. GUTIERREZ |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**FRANK GUTIERREZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37718
COURT OF APPEALS OF NEW MEXICO
May 14, 2019

APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY, Pedro G. Rael, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Mary Barket, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence entered pursuant to a plea agreement by which Defendant plead guilty to three charges of criminal sexual contact of a minor (CSCM) in the second degree, whittled down from the sixty-five counts with which he was charged. [RP 1-13, 141-46, 184-87] Defendant's appeal challenges his sentence. Unpersuaded that Defendant demonstrated that the district court erred by increasing his sentence or that he was denied effective assistance

of counsel, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** Defendant's memorandum in opposition does not respond to our proposed analysis of his claim of ineffective assistance of counsel. The claim, therefore, is deemed abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). This opinion focuses on Defendant's remaining claim that he had a reasonable expectation of finality in the district court's initial, orally pronounced sentence and, therefore, the increased sentence set forth in the ensuing written judgment and sentence violated the prohibition against double jeopardy. We avoid the unnecessary reiteration of facts and procedure contained in our proposed analysis and respond only to the arguments Defendant raises in opposition to our notice.

**{3}** Again relying on *State v. Porras*, 1999-NMCA-016, 126 N.M. 628, 978 P.2d 880, Defendant continues to argue that he had a reasonable expectation of finality in the orally pronounced sentence because he had begun to serve that sentence. [MIO 6-7] As we set forth in our notice, in *State v. Soutar*, 2012-NMCA-024, 272 P.3d 154, a more recent case, this Court made clearer and more supported statements about the finality of judgments and sentences and when double jeopardy attaches, and refused to apply *Porras*. *Soutar*, 2012-NMCA-024, ¶¶ 11-14. In *Soutar*, we explained that our case law is clear that "[a]n oral sentence is not 'a final judgment and is subject to change until reduced to writing.' " *Id.* ¶ 13 (quoting *State v. Rushing*, 1985-NMCA-091, ¶ 6, 103 N.M. 333, 706 P.2d 875). *But see Porras*, 1999-NMCA-016, ¶ 7 (stating that "a trial court generally cannot increase a valid sentence once a defendant begins serving that sentence," but relying on cases in which final written judgments and sentences were entered). In *Soutar*, we rejected the argument that jeopardy attaches at the oral sentencing. 2012-NMCA-024, ¶¶ 11-12 (stating that "jeopardy attaches when the court enters a judgment and imposes a sentence on the guilty plea" (internal quotation marks and citation omitted)). Relying on other recent Supreme Court precedent, this Court stated that "a trial court's oral announcement of a result is not final, and parties to the case should have no reasonable expectation of its finality." *Soutar*, 2012-NMCA-024, ¶ 13 (internal quotation marks and citation omitted). We further stated in *Soutar* that "entry of a judgment and sentence carries with it an 'expectation of finality.' " *Id.* ¶ 12. Even though our notice compiled such clear statements from Supreme Court precedent, we nevertheless acknowledged that there appear to be factors that can influence our assessment of a legitimate expectation of finality in an oral sentence:

> [T]he analytical touchstone for double jeopardy is the defendant's legitimate expectation of finality in the sentence, which may be influenced by many factors such as the completion of the sentence, the passage of time, the pendency of an appeal or review of the sentencing determination, or the defendant's misconduct in obtaining the sentence.

*Id.* (alteration, internal quotation marks, and citation omitted).

**{4}** Applying these factors, our notice observed that, like in *Soutar*, there is no indication here that Defendant began serving the orally announced sentence. *See id.* ¶ 14 ("[The d]efendant has done nothing to explain how he began serving his sentence after the oral sentence was imposed beyond simply stating that he did so."). We note that in *Porras* the trial court orally imposed a ninety-day sentence to be served in the county jail and that the defendant had served forty-two days in county jail when the trial court held another sentencing hearing, and he had served seventy-nine days of the ninety-day sentence when the trial court resentenced Defendant to serve a total of eleven years. 1999-NMCA-016, ¶¶ 3-5. As we explained in our notice, Defendant in the current case had been in custody throughout the proceedings, and the written judgment and sentence shows that Defendant had not yet been transferred from the local county detention center to serve his sentence in the Department of Corrections. [RP 186] Our notice further observed that in the current case whatever degree of an expectation of finality in the oral sentence Defendant may have had, he had that expectation for only a single day, at most. As our notice explained, the district court entered a sua sponte order to reconsider sentence the day after its oral pronouncement of sentence. [RP 153] Based on the foregoing, we hold that the current case is more akin to *Soutar* in that there is an insufficient showing that Defendant began to serve his sentence and no showing that Defendant served a substantial portion of his oral sentence that would create a legitimate expectation of finality.

**{5}** Lastly, as our notice explained, the district court reconsidered its orally announced sentence because of the threats Defendant made to the safety of the young children he abused, threats made immediately after he expressed apology and remorse to the district court. [RP 160] The district court, thus, essentially found that the lower sentence was procured by misrepresentation, akin to the defendants in *Soutar* and *Rushing*. [Id.]

**{6}** Defendant has not persuaded us that circumstances existed to create a reasonable expectation of finality in the oral sentence; thus, Defendant is subject to the general rules that "[a]n oral sentence is not a final judgment and is subject to change until reduced to writing[,]" *Soutar*, 2012-NMCA-024, ¶ 13, and "jeopardy attaches when the court enters a judgment and imposes a sentence on the guilty plea." *State v. Angel*, 2002-NMSC-024, ¶ 10, 2 132 N.M. 501, 51 P.3d 1155. Accordingly, we hold that double jeopardy principles did not preclude the district court from reconsidering the orally announced sentence and imposing a greater sentence.

**{7}** For the reasons stated in this opinion and our notice, we affirm Defendant's sentence.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**BRIANA H. ZAMORA, Judge**