This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: May 2, 2022**

**No. S-1-SC-38568**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**JOEY DEAL,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Sarah V. Weaver, District Judge**

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER OF REVERSAL

**VIGIL, Chief Justice.**

**{1}** WHEREAS, this matter came before the Court under Rule 12-501 NMRA upon Defendant Joey Deal's petition for writ of certiorari seeking review for the denial of habeas corpus;

**{2}** WHEREAS, the Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, Defendant's Motion to Amend Amended Judgment and Sentence, requesting resentencing under the pre-1999 Earned Meritorious Deduction Act (EMDA), NMSA 1978, § 33-2-34(A) (1988, amended 2015), asserted his offenses should not have been considered "'serious violent offenses'" under the EMDA because it was unclear whether they occurred after July 1, 1999;

**{4}** WHEREAS, in a second amended judgment and sentence the district court correctly concluded the pre-1999 EDMA applied and Defendant's convictions were not serious violent offenses because Defendant's offenses either occurred prior to the 1999 EDMA amendment or because the jury was not asked to specify when the offenses occurred. *See State v. Salazar*, 2006-NMCA-066, ¶ 36, 139 N.M. 603, 136 P.3d 1013 (declining to presume that one of the convictions was for acts after July 1, 1999 when jury was not asked to specify which act occurred after July 1, 1999);

**{5}** WHEREAS, in addition to correcting the classifications under the EMDA in the second amended judgment and sentence, the district court increased Defendant's sentence by forty-four years to "effectuate the specific intention of the Sentencing Judge";

**{6}** WHEREAS, Defendant now asks this Court to conclude that the district court violated the prohibition against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 15 of the New Mexico Constitution by resentencing Defendant to 104 years in prison after he had served over seventeen years of his original sixty-year sentence;

**{7}** WHEREAS, increasing a defendant's valid sentence after the defendant begins serving it implicates double jeopardy concerns if the defendant's reasonable expectations of finality are violated. *State v. Allen*, 1971-NMSC-026, ¶ 4, 82 N.M. 373, 482 P.2d 237; *March v. State*, 1989-NMSC-065, ¶ 5, 109 N.M. 110, 782 P.2d 82;

**{8}** WHEREAS, the second amended judgment and sentence violated double jeopardy because Defendant had a reasonable expectation of finality in the original sentence after serving over seventeen years and nothing in the record indicated Defendant was on notice that his sentence may be modified;

**{9}** NOW, THEREFORE, IT IS ORDERED that the matter is remanded to the district court to clarify that Defendant is eligible for fifty percent good time under the pre-1999 version of the EMDA and to impose Defendant's original sentence of 108 years in prison with forty-eight years suspended, resulting in a suspended sentence of sixty years.

**{10}** **IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**