This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                **NO. 29,186**

**JOSHUA DAVID FARRELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Margaret McLean
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Joshua David Farrell (Defendant) appeals from the judgment, order and

commitment to the corrections department, convicting him, after a jury trial, of two counts of criminal sexual contact of a minor and sentencing him as an habitual offender. [RP 132] Defendant contends that the district court erred as follows: (1) in denying Defendant's motion for a directed verdict; (2) in denying Defendant's motion for a new trial; (3) in sentencing Defendant as an habitual offender when the State failed to make a prima facie showing that Defendant's prior felony convictions satisfied the timeliness requirement [DS 2-4]; and (4) in not making specific findings as to why the offense was a serious violent offense and limiting Defendant's ability to earn good time under the Earned Meritorious Defense Act (EMDA). [Def. 1st MIO 21] We have duly considered Defendant's and the State's memoranda in response to this Court's first and second calendar notices. We affirm Issues 1, 2, and 3. We reverse and remand Issue 4.

**DISCUSSION**

**Defendant's Motion for a Directed Verdict**

In his memorandum, Defendant continues to argue that there was not sufficient evidence to prove that his involvement with the complaining witness amounted to criminal sexual contact of a minor and therefore the district court erred in denying Defendant's motion for a directed verdict. [Def. 1st MIO 8] Defendant also claims that his conviction and sentencing for two counts, rather than one count, of criminal

sexual contact of a minor is based on unitary conduct and violates his double jeopardy rights. [Def. 1st MIO 9] This Court's second calendar notice proposed summary affirmance on this issue, and Defendant's second memorandum does not raise additional facts or authorities that would persuade us that the analysis of this issue in the second calendar notice was incorrect or inappropriate. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). We affirm the district court on this issue.

**A.      Sufficiency of the Evidence.**

"The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). On appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citations omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence

3

to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

The jury was instructed that in order to find Defendant guilty of each of the two counts of criminal sexual contact of a minor, the State must prove beyond a reasonable doubt each of the following elements: (1) Defendant touched or applied force to the buttocks of the victim; (2) Defendant used physical force or physical violence; (3) the victim was at least 13 but less than 18 years old; (4) this happened in New Mexico on or about June 7, 2006; and (5) Defendant acted intentionally when he committed the crimes. [RP 75-77] "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

The victim, a minor aged 17, testified that on June 7, 2006, she was at a neighbor's apartment with several people including Defendant. [DS 1] The conversation turned to tattoos. [Id.] At the urging of one of the women, the victim showed her tattoo on her lower hip area. [DS 1-2] During the next hour, the victim testified that Defendant made sexual advances towards her, which she rejected. [DS 2] The victim further testified that Defendant then grabbed her, held her to prevent her escape, and fondled her buttocks at two separate times. [DS 2] The memorandum further indicates that the victim testified that Defendant touched her buttocks while

she was climbing over the couch and that he touched her buttocks again while she was standing in a doorway. [Def. 1st MIO 2] Defendant also testified, but gave a different version of events. [Id.] The jury convicted Defendant of two counts of criminal sexual contact of a minor. [RP 84-85]

We hold that the district court was correct in denying Defendant's motion for a directed verdict. In addition, based on the victim's testimony, we hold that a reasonable jury could conclude that Defendant had committed two counts of fourth degree criminal sexual contact of a minor. *See State v. Riggs*, 114 N.M. 358, 362-63, 838 P.2d 975, 979-80 (1992) (stating that this Court does not substitute its judgment for that of the fact finder concerning the credibility of witnesses or the weight to be given their testimony); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [d]efendant's version of the facts.").

**B.    Double Jeopardy**

In the memorandum, Defendant further develops his contention that his double jeopardy rights were violated because, he argues, the two convictions were based on one continuous, unitary course of conduct on one date in an apartment and the touching of only one body part, the victim's buttocks, rather than two separate body parts. [Def. 1st MIO 9-11] Defendant relies on *State v. Laguna*, 1999-NMCA-152,

128 N.M. 345, 992 P.2d 896. [MIO 13-14] In that case, the defendant had rubbed the victim's leg, moving up toward her crotch several times in a continuous manner and each time the victim had pushed the defendant's hand away. *Id.* ¶ 39. This Court held that "this repeated touching was a single ongoing attempt to reach [the victim]'s private parts." *Id.*

In this case, however, the victim testified that there were two attacks, one while the victim was climbing over a couch and one when the victim was standing in a doorway. [Def. 1st MIO 2] The victim also testified that Defendant grabbed her, held her to prevent her escape, and fondled her buttocks at two separate times. [DS 2] The two attacks both occurred in the same apartment on the same evening and to the same body part, but they were separated in time and space and/or differing in quality and nature from the general sexual advances that Defendant began making toward the victim after she was persuaded to show her tattoo. *See Swafford v. State*, 112 N.M. 3, 13-14, 810 P.2d 1223, 1233-34 (1991) (discussing that "indicia of distinctness," indicating non-unitary conduct, are present when "two events are sufficiently separated by either time or space," but if time and space considerations are not determinative, "resort must be had to the quality and nature of the acts or to the objects and results involved"); *see also State v. Frazier*, 2007-NMSC-032, ¶ 18, 142 N.M. 120, 164 P.3d 1 (discussing that if the acts are sufficiently separated, there

6

is no multiple punishment concern).

We affirm this issue.

**Defendant's Motion for a New Trial**

Defendant's motion raised three grounds for a new trial: (1) the State failed to prove beyond a reasonable doubt that Defendant touched any of the intimate areas of the victim as defined in NMSA 1978, Section 30-9-13(A)(2003), which include the primary genital area, groin, buttocks, anus or breasts; (2) since fourteen of the jury pool members were not present in the venire, Defendant was denied a fair cross-section of the community to serve on his jury; and (3) defense counsel should have objected to the victim's mother's boyfriend's testimony, but did not do so. [RP 93-94] Defendant's second memorandum does not raise any new facts or authorities that would persuade us that this Court's analysis on this issue in the second calendar notice was incorrect or inappropriate. *See Ibarra*, 116 N.M. at 489, 864 P.2d at 305. We affirm the district court's decision to deny Defendant's motion for a new trial.

This Court will not overturn a district court's denial of a motion for a new trial unless the trial court abused its discretion. *State v. Volpato*, 102 N.M. 383, 385, 696 P.2d 471, 473 (1985) ("The discretion of a trial court is not to be lightly interfered with, and an order denying a motion for a new trial will not be overturned except for

7

an abuse of discretion.").

In this case, we hold that there is no merit to Defendant's first ground for a new trial, that there was evidence that Defendant touched an intimate part of the victim. This issue actually relates to the sufficiency of the evidence and to Defendant's double jeopardy concerns. As we discussed earlier, the docketing statement and Defendant's first memorandum indicate that the victim testified that Defendant touched her buttocks twice in this case. Although Defendant disagrees and continues to deny that he touched the victim's buttocks, we hold that the victim's testimony supports summary affirmance on these issues. *See Rojo*, 1999-NMSC-001, ¶ 19. We also hold that there is no merit to Defendant's second ground for a new trial; that the jury panel was not representative of the community. The purpose of the fair cross-section requirement is to ensure that jurors are qualified and impartial, not that the petit jury itself mirror the community and reflect the various distinctive groups in the population. *See State v. Singleton*, 2001-NMCA-054, ¶ 7, 130 N.M. 583, 28 P.3d 1124 ("The purpose of the fair-cross-section requirement is to ensure that jurors are qualified and impartial. Thus, the petit jury actually chosen need not mirror the community and reflect the various distinctive groups in the population." (internal quotation marks and citation omitted)).

Initially, we note that Defendant failed to preserve this issue under the New Mexico Constitution. [RP 57] *See State v. Casillas*, 2009-NMCA-034, ¶ 11, 145 N.M. 783, 205 P.3d 830 (declining to review the issue where the defendant did not cite N.M. Const. art. II, § 14, the provision of the New Mexico Constitution that protects the right to an impartial jury). Moreover, as the State points out, while fourteen prospective jurors failed to appear, there remained forty-two venire members that were available for the jury panel. [RP 104-05] Finally, in the first memorandum, Defendant provides only vague, generalized assertions on appeal that Doña Ana County has a large Hispanic and Spanish-speaking population and that therefore, the systematic exclusion of this population would impact the rights of those jurors to sit on a jury. [Def. 1st MIO 18] Defendant provided no evidence below, however, to support these assertions or to indicate that the venire from which the jury was drawn actually did not constitute a representative cross-section of the community. [RP 57] *Casillas*, 2009-NMCA-034, ¶ 13 (stating that, "[i]n order to show a prima facie violation of the fair cross-section requirement [under the federal constitution], a defendant must demonstrate that (1) the group alleged to be excluded is a 'distinctive' group in the community, (2) the group's representation in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the

9

community, and (3) this under-representation results from the systematic exclusion of the group in the jury-selection process". We hold, therefore, that Defendant has not made a prima facie showing that his federal constitutional right to a representative cross-section of the community was violated in this case.

Finally, we hold that Defendant's third ground for a new trial, that his counsel did not object to the testimony of the victim's mother's boyfriend, also lacks merit on direct appeal. *See, e.g.*, *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127 (recognizing that counsel is presumed competent). Defendant relies on *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), in continuing to argue this issue on direct appeal. [Def. 1st MIO 20] The memorandum indicates that the victim's mother's boyfriend testified that he detained Defendant until officers arrived. [Def. 1st MIO 19]

First, it appears that this witness's testimony may have been relevant and admissible to the description of what occurred on the date at issue. *See State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896 (stating that whether to object to evidence is a matter of trial tactics and failure to object does not establish ineffective assistance). Second, we cannot conclude that this testimony was more prejudicial than probative. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d

1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error."); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Third, Defendant has not shown that "but for" the admission of this testimony, the outcome of the trial would have been different. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (discussing that "[t]o establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (internal quotation marks and citation omitted)).

We hold, therefore, that defense counsel's failure to object to the admission of this testimony does not constitute a basis for a new trial on direct appeal. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

We affirm the district court's decision to deny Defendant's motion for a new trial.

**Sentence Enhancement**

In the docketing statement, Defendant contends that the State failed to make a prima facie showing that his prior felony convictions met the timeliness test for purposes of enhancing Defendant's sentence as an habitual offender. The first calendar notice proposed to reverse the district court on this issue. The State filed a persuasive memorandum in opposition [State's 1st MIO], and, accordingly, this Court's second calendar notice proposed summary affirmance on this issue. [Ct. App. File, CN2] Defendant's second memorandum does not dispute the facts this Court relied upon in proposing summary affirmance on this issue in the second calendar notice. Relying on *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6, however, Defendant continues to assert that the State did not show that he was serving a sentence or on probation or parole within ten years of his conviction in this case. [Def. 2nd MIO 3] We are not persuaded.

"In order to make a prima facie case under [NMSA 1978,] Section 31-18-17 (2003), the [s]tate must offer proof of all three elements: identity, conviction, and timing." *State v. Simmons*, 2006-NMSC-044, ¶ 11, 140 N.M. 311, 142 P.3d 899. The standard of proof for the State's evidence is a preponderance of the evidence. *Id.* "The sufficiency of the evidence is reviewed with a substantial evidence standard."

12

*Id.* ¶ 10 (citation omitted). "When we review for substantial evidence we give deference to the findings of the district court." *Id.* (citation omitted). "[T]he [s]tate must make its prima facie showing, including all of the required elements for a prior felony conviction as defined by the habitual offender statute, and then the burden of proof shifts to the defendant." *Id.* ¶ 13.

Defendant objects only to the State's proof of the timing of the prior felony convictions. The State's first memorandum indicates the prosecutor provided the district court with certified exhibits of Defendant's prior offenses. [State's 1st MIO 1-2] These documents showed that Defendant's two prior felonies satisfy the timing requirements of the habitual offender statute.

Defendant was convicted in this case on or about December 15, 2006. [RP 84, 85] The question in this case is whether Defendant was serving a sentence, a period of probation or parole within ten years prior to December 15, 2006, with regard to the two prior felonies. *See State v. Tave*, 2007-NMCA-059, ¶ 12, 141 N.M. 571, 158 P.3d 1014, *cert. denied*, 2007-NMCERT-005, 141 N.M. 762, 161 P.2d 259 (holding that the habitual offender statute contemplates that the sentencing judge will consider any prior felony convictions within ten years prior to the date of the conviction for which a sentence is being imposed); *see also* Section 31-18-17(D)(1) (stating that "prior

13

felony conviction" means "a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later").

On April 5, 1995, Defendant was charged with burglary, a felony. [Id.] Defendant pled guilty or nolo contendere and received a sentence of two years in jail, which was suspended, five years community supervision, and a $500 fine. [Id.] Defendant violated the terms of his probation and it was revoked. [Id.] The date of revocation was February 29, 2000, well within the ten-year period required by Section 31-18-17. [Id.] Defendant was serving this sentence, period of probation or parole within ten years of his December 2006 conviction in this case.

We hold that the district court did not err in ruling that the State presented a prima facie showing that less than ten years have passed since Defendant completed serving his sentence, probation, or parole period for his prior felony convictions. Accordingly, we affirm Defendant's sentence enhancement pursuant to Section 31-18-17.

**Defendant's Ability to Earn Good Time**

In his motion to amend the docketing statement, Defendant contended that the district court erred by not making specific findings as to why the offense was a serious

violent offense, and therefore the district court erred in limiting Defendant's ability to earn good time under the Earned Meritorious Defense Act NMSA 1978, § 33-2-34 (2006) (EMDA). [Def. 1st MIO 21] While Defendant failed to preserve the issue below, in the second calendar notice, we observed that Defendant is allowed to challenge the legality of his sentences for the first time on appeal because trial courts have no jurisdiction to impose illegal sentences. *See, e.g.*, *State v. Bachicha*, 111 N.M. 601, 605-06, 808 P.2d 51, 55-56 (Ct. App. 1991)). The second calendar notice, therefore, proposed to reverse and remand on this issue. [Ct. App. File, CN2] The State has indicated that it agrees with the proposed disposition. [State's 2nd MIO 1-2] Accordingly, we reverse and remand on this issue based on the following second calendar notice analysis.

Section 33-2-34(A)(1) of the EMDA provides that meritorious deductions shall not exceed four days per month of the time served for a prisoner confined for committing a serious violent offense. Defendant was convicted after a jury trial of two counts of criminal sexual contact of a minor in the fourth degree. [RP 84, 85, 132] Section 33-2-34(L)(4)(o)(12) provides that criminal sexual contact of a minor in the fourth degree is a serious violent offense when the district court finds that the nature of the offense and the resulting harm make the crime a serious violent offense.

15

In *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747, we held that, to make such a determination, the district court must conclude that the offense was "committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm."

Findings that merely set forth facts without connecting the facts to the EMDA requirements or findings that merely state a legal conclusion, do not satisfy the statutory requirement. *State v. Scurry*, 2007-NMCA-064, ¶¶ 12, 14, 141 N.M. 591, 158 P.3d 1034 (holding, with regard to the need for a specific finding of a serious violent offense to satisfy the EMDA, that the district court's findings need to sufficiently justify and specifically indicate the basis for its conclusions); *see State v. Loretto*, 2006-NMCA-142, ¶ 19, 140 N.M. 705, 147 P.3d 1138 (stating that "[t]he district court should have stated why [the defendant's] acts involved physical violence, and how the acts were either done with knowledge that they were reasonably likely to result in serious harm, or that the circumstances and acts constituted recklessness in the face of knowledge that the acts were reasonably likely to result in serious harm").

With regard to each of Defendant's two convictions for criminal sexual contact

of a minor in the fourth degree, the district court merely stated its conclusion that, "due to the nature of this offense and the resulting harm this crime is a serious violent offense pursuant to [the EMDA]." [RP 133] This statement does not satisfy the EMDA requirements for specific findings that justify and specifically indicate the basis for the conclusion.

Accordingly, we reverse and remand to the district court to ascertain if its determination can be supported by appropriate findings.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**

17