**Certiorari Denied, November 3, 2011, No. 33,259**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-118**

**Filing Date: September 26, 2011**

**Docket No. 30,386**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**SHIRLEY REDHOUSE,**

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**GARCIA, Judge.**

**{1}**    The underlying issue in this case is whether Defendant Shirley Redhouse's uncounseled 1972 misdemeanor conviction for driving while intoxicated (DWI) could be used to enhance Defendant's current DWI conviction when she was not sentenced to any incarceration for the 1972 offense. The State asked the district court to reconsider its ruling

1

on this issue as a legal error six days after Defendant's judgment and sentence was filed. We recognize that "[s]entencing may violate concepts of double jeopardy if not within objectively reasonable expectations of finality." *March v. State*, 109 N.M. 110, 111, 782 P.2d 82, 83 (1989). This case requires us to address and distinguish our decision in *State v. Diaz*, 2007-NMCA-026, 141 N.M. 223, 153 P.3d 57. Upon reconsideration, the district court amended Defendant's sentence based upon legal error regarding the 1972 conviction. Under the facts in this case, Defendant did not have a reasonable expectation of finality in her sentence because the State moved for reconsideration of the district court's ruling on the validity of the prior 1972 DWI conviction within thirty days of the district court's entry of a judgment and sentence. We hold that the district court did not violate Defendant's right to be free from double jeopardy when it re-examined the validity of Defendant's 1972 DWI conviction and amended Defendant's sentence which had been based upon a legal error regarding the prior 1972 conviction. We also hold that the district court did not err in determining that the 1972 conviction was valid for purposes of sentence enhancement. We affirm.

**BACKGROUND**

**{2}** On November 30, 2009, Defendant pleaded guilty to aggravated DWI, contrary to NMSA 1978, Section 66-8-102(D)(1) (2008) (amended 2010). Sentencing occurred the same day. The State submitted four prior DWI convictions in order to enhance Defendant's current DWI conviction to a fifth and make the current offense a felony conviction. Defendant contested two of the prior DWI convictions, one from 1972 and one from 1973. The district court initially determined that neither of these two prior convictions could be used for enhancement purposes because neither showed that Defendant had been represented by counsel, yet the court determined that Defendant had been punished by imprisonment for both prior convictions. At the sentencing hearing, the district court asked the State if it wanted further time to contest its ruling regarding prior convictions, and the State declined. Based upon the district court's determination that Defendant had two prior DWI convictions, Defendant was sentenced to 364 days of incarceration. The district court gave Defendant credit for the 109 days served prior to sentencing, suspended the remaining 255 days of the sentence, and placed Defendant on unsupervised probation for 255 days. The judgment and sentence order was filed on December 3, 2009.

**{3}** On December 9, 2009, the State filed a motion for reconsideration arguing that the district court made a mistake of law when it concluded that the DWI convictions from 1972 and 1973 could not be used for enhancement purposes. Four hearings scheduled followed: January 20, 2010; February 22, 2010; March 10, 2010; and April 19, 2010. The State consequently argued that the district court had erred as a matter of law regarding the use of Defendant's 1972 and 1973 convictions as prior DWI convictions for sentencing purposes. The State did not present any new evidence or attempt to supplement the prior evidence regarding Defendant's 1972 and 1973 convictions. After the first hearing on January 20, 2010, the district court ruled that it had erred as a matter of law concerning the 1972 conviction. Under this ruling, the 1972 conviction counted as a prior DWI conviction even

2

though there was no waiver of counsel because Defendant had not been sentenced to jail for the conviction. Upon Defendant's oral motion for reconsideration on February 22, 2010, the district court held two subsequent hearings and confirmed its ruling that the 1972 conviction could be used for enhancement purposes. However, the district court remained firm that the 1973 conviction could not be used as a prior DWI conviction.

{4}     Defendant's judgment and sentence was amended to reflect that Defendant was convicted of a fourth DWI, which statutorily required her to serve at least six months in jail. § 66-8-102(G). Thus, Defendant was required to serve an additional seventy-one days in jail. Defendant appeals the amendment to her judgment and sentence. Defendant argues that she had an expectation of finality in the sentence imposed on December 3, 2009, prior to any reconsideration and subsequent amendment by the district court resulting in a double jeopardy violation. She further argues that a penalty of imprisonment was imposed under her 1972 DWI conviction and thus the district court erred in determining that the 1972 conviction was valid for the purposes of enhancement.

**DISCUSSION**

**Standard of Review**

{5}     We review Defendant's contention that modification of her sentence violated her constitutional guarantee against double jeopardy under a de novo standard of review. *State v. Lopez*, 2008-NMCA-002, ¶ 12, 143 N.M. 274, 175 P.3d 942. Similarly, we review issues of statutory and constitutional interpretation regarding the validity of Defendant's prior conviction de novo. *See State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489 (stating that appellate courts "review issues of statutory and constitutional interpretation de novo"). However, to the extent that factual issues are intertwined with issues of constitutional and statutory interpretation, we defer to the district court's factual findings as long as they are supported by substantial evidence. *See State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737.

**Defendant's Right to Finality in Sentencing Was Not Violated When the District Court Resentenced Her**

{6}     Defendant argues that the district court erred by reconsidering and resentencing her to an increased sentence because she had already substantially completed her sentence. Specifically, Defendant contends that the district court's modification of her sentence violated her right to finality in her sentence, implicating her constitutional guarantee against double jeopardy.

{7}     It is well established that "a [district] court generally cannot increase a valid sentence once a defendant begins serving that sentence." *State v. Porras*, 1999-NMCA-016, ¶ 7, 126 N.M. 628, 973 P.2d 880. However, there is an exception to this rule of finality when the original sentence is illegal or improper. *Id.* Our appellate courts have determined that an

4

original sentence is illegal if habitual offender enhancements based on prior convictions have not been included. *See, e.g., State v. Freed*, 1996-NMCA-044, ¶ 9, 121 N.M. 569, 915 P.2d 325. Thus, a habitual offender's sentence may be enhanced at any time prior to the expiration of the underlying sentence. *Porras*, 1999-NMCA-016, ¶ 8. In *Diaz*, this Court determined that enhancement pursuant to the DWI sentencing statute is different from habitual offender enhancement pursuant to NMSA 1978, Section 31-18-19 (1977). *Diaz*, 2007-NMCA-026, ¶ 12-13. In *Diaz* this Court concluded that the prosecution had the burden of presenting proof of prior DWI convictions for sentencing purposes at the original sentencing hearing. *See id.* ¶¶ 3-5, 18, 21 (rejecting consideration of an additional prior DWI that was subsequently discovered after sentencing and presented as a motion to correct an illegal sentence at the time the defendant only had two months remaining on his original prison term). Once a DWI offender was sentenced after considering the evidence of any prior DWI convictions, the prosecution could not introduce new evidence of another "recently" discovered prior DWI conviction and seek a post-judgment enhancement to a third degree felony with an additional six-month term of imprisonment. *Id.* ¶¶ 5, 21.

**{8}** Defendant relies on *Diaz* in support of her argument that once she was sentenced and began to serve her sentence, the district court could not amend and increase her sentence with another prior conviction that it had previously determined was invalid for purposes of enhancement. The factual circumstances in *Diaz* are, however, significantly different than in this case. In *Diaz*, the state moved to modify the defendant's sentence when the defendant had only two months left to serve of his one-year prison term. *Id.* ¶¶ 4-5. The motion was based on the state having "'recently' learned of another DWI conviction" that, if factored into the defendant's sentence, would have resulted in an additional mandatory six months of imprisonment. *Id.* ¶ 5.

**{9}** It is apparent that this case is both factually and legally distinct from *Diaz* in four important ways. First, the timing of the state's motion in *Diaz* was considerably late, having been made at the end of the defendant's prison term; whereas here, the State acted expeditiously. Second, in *Diaz* this Court held that the sentence was legal when it was imposed; whereas here, we have an illegal sentence. Third, *Diaz* implicated fairness and due process concerns, *see id.* ¶¶ 19-21, to an extent that are not present in this case. The defendant in *Diaz* had completed a year-long prison term and had already started to serve probation when he was faced with the prospect of returning to prison for six additional months. And fourth, unlike *Diaz* where the prosecution introduced proof of a "recently" discovered prior conviction, in the present case, the State moved for reconsideration of whether the prior convictions introduced at the original sentencing hearing could be used to enhance Defendant's sentence as a matter of law and did not introduce any new evidence. *See id.* ¶¶ 5, 21. As a result, we are not persuaded that *Diaz* controls the outcome in this case.

**{10}** Increasing a defendant's sentence after a defendant begins serving the sentence implicates double jeopardy concerns if a defendant's objectively reasonable expectations of finality in the original sentencing proceedings are violated. *See March*, 109 N.M. at 111,

5

782 P.2d at 83 (reasoning that sentencing implicates double jeopardy concerns if a defendant's objectively reasonable expectations of finality are violated); *see also State v. Gaddy*, 110 N.M. 120, 122-23, 792 P.2d 1163, 1165-66 (Ct. App. 1990) (concluding that the defendant's objectively reasonable expectations of finality were violated by the initiation of habitual offender proceedings after the defendant had completely served the underlying sentence). The question here is whether Defendant had an objectively reasonable expectation of finality that would prevent further legal consideration of the evidence presented at her original sentencing hearing on November 30, 2009. We conclude that Defendant had no reasonable expectation of finality under these circumstances and that double jeopardy did not preclude the modification of Defendant's sentence based upon a legal error.

**{11}** The State has a constitutional right to appeal from a disposition that is contrary to law. *State v. Horton*, 2008-NMCA-061, ¶ 1, 144 N.M. 71, 183 P.3d 956. This right includes appeal of the district court's legal determinations regarding whether a prior conviction can be used for enhancement purposes. *See State v. Tave*, 2007-NMCA-059, ¶¶ 1, 8-10, 141 N.M. 571, 158 P.3d 1014 (concluding that the state was entitled to raise the issue of whether the district court erred in refusing to enhance the defendant's sentence as a matter of law for the first time on appeal). Where the state's time to exercise its constitutional right to appeal has not expired, a defendant has no reasonable expectation of finality in his or her sentence. *See State v. Abril*, 2003-NMCA-111, ¶¶ 21-23, 134 N.M. 326, 76 P.3d 644 (reasoning that a defendant has no reasonable expectation of finality where the prosecution's time to exercise its constitutional right of appeal has not expired).

**{12}** Here, the State had a right to appeal the decision of the district court that the 1972 DWI conviction could not be used to enhance the sentence for the current conviction as a matter of law. Concomitant with that right is the right to ask the district court to reconsider its decision. *See* NMSA 1978, § 39-1-1 (1917) (stating that final judgments and decrees remain under the control of the district court for thirty days and for additional time as necessary to allow the court to rule upon any motion directed against the judgment that is filed in that period). Because the State expeditiously sought to have the district court correct its legal determination that the 1972 DWI conviction could not be used to enhance the current DWI, Defendant had no reasonable expectation of finality in the sentence entered on December 3, 2009. Thus, Defendant's constitutional guarantee against double jeopardy was not violated when the State expeditiously filed a motion for reconsideration of Defendant's sentence on December 9, 2009.

**The District Court Did Not Err in Determining That the 1972 Conviction Was Valid for Purposes of Enhancement**

**{13}** The law is clear in New Mexico "that the use of a prior uncounseled misdemeanor DWI conviction not resulting in a sentence of imprisonment to enhance a subsequent misdemeanor DWI conviction does not violate the New Mexico Constitution." *State v. Woodruff*, 1997-NMSC-061, ¶ 37, 124 N.M. 388, 951 P.2d 605. It is undisputed that

6

Defendant's 1972 DWI conviction was uncounseled. The issue is whether Defendant served a sentence of imprisonment on that conviction.

{14}    The district court conducted four hearings on the matter, taking testimony from Defendant's witnesses, examining documents related to the convictions, and hearing argument of counsel. The evidence established that when Defendant was arrested in 1972 for DWI, she spent some time in jail after her arrest but prior to her conviction on the charge. It is not clear how much time she spent in jail after her arrest, before she was convicted and sentenced. The documentation related to the charge was reviewed by the district court but the actual documents were not made a part of the record. However, the district court's review indicated that based on the 1972 DWI conviction Defendant was sentenced to pay a fine and attend DWI classes. The record showed that she paid some of the fine, but not all of it. When she failed to pay the fine, a warrant was issued. She was then arrested on a second DWI. She was ordered to pay a fine on the second DWI, plus the remaining fine owing from the 1972 conviction. She was also jailed for thirty days for the second DWI.

{15}    Defendant makes two arguments on her claim that she was imprisoned on the 1972 DWI conviction. First, she contends that the jail sentence after the second DWI conviction was imposed because she failed to pay the fine on the 1972 DWI conviction. It is not clear from the record that the incarceration ordered at the time of the second conviction was related to the 1972 DWI conviction. There was a great deal of discussion about what the judge *might* have been thinking at the time of sentencing on Defendant's second DWI. However, there is nothing in the record indicating that the jail sentence for the second DWI was because Defendant failed to pay the fine on the 1972 DWI conviction. The record simply shows that Defendant was fined for the 1972 DWI conviction, and she was incarcerated for the second DWI. As a result, substantial evidence supports the district court's determination that Defendant was not sentenced to a term of incarceration as a result of her 1972 DWI conviction.

{16}    Second, Defendant argues that she was in jail before her conviction on the 1972 DWI conviction and that she is entitled to receive pre-sentence confinement credit against any sentence that is imposed. Therefore, she argues that any sentence imposed as a result of the 1972 DWI conviction would take into consideration that pre-sentence jail time. As a result of this pre-sentence jail time and any credit allowed thereunder, Defendant argues that she was required to receive the advice of counsel prior to being sentenced for the 1972 DWI conviction. We disagree. Defendant appears to assume that the sentence she actually received for the 1972 DWI conviction did not contain any jail time because she had already served some pre-sentence jail time and was thereby given credit for time served. There is nothing in the written record of the 1972 DWI conviction suggesting that Defendant was given any credit for time served in jail. The only record available reflects that Defendant was not incarcerated under the 1972 DWI conviction and was only fined. Thus, the premise of this argument is based on speculation and must fail because it is not supported by the record herein.

7

**{17}** Defendant also appears to be arguing that using a misdemeanor DWI to enhance a crime to a felony DWI does not satisfy the constitution. Defendant does not cite any authority in support of this argument or explain why using a misdemeanor DWI to enhance to a felony DWI should be treated differently from using a misdemeanor DWI to enhance another misdemeanor DWI. Therefore, we do not address the issue. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We conclude that the district court did not err in determining that the 1972 DWI conviction could properly be used to enhance Defendant's current DWI conviction because the 1972 DWI conviction resulted in the imposition of a fine and Defendant was not subjected to jail time for this prior conviction.

**CONCLUSION**

**{18}** We conclude that Defendant did not have a reasonable expectation that the sentence she received on December 3, 2009, was final. Therefore, the district court could have properly reconsidered her sentence and increase this sentence due to a legal error made by the district court at the original sentencing hearing. Further, the district court did not err in determining that Defendant's 1972 DWI conviction could be used to enhance her current DWI to a fourth DWI conviction. We affirm the amended judgment and sentence imposed by the district court.

**{19}  IT IS SO ORDERED**.

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *State v. Redhouse*, No. 30,386**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DJ | Double Jeopardy |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-DB | Driving While Intoxicated |

**CA**                 **CRIMINAL PROCEDURE**
CA-DJ            Double Jeopardy
CA-ES           Enhancement of Sentence
CA-FO           Final Order
CA-JS            Judgment and Sentence