This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40649**

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellant,

v.

**JESSE JAMES YOUNG,**

　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt M. Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**　　This matter was submitted to the Court on the State's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse for the following reasons.

**{2}**     The State appeals from the district court's denial of the State's request to impose a statutory firearm enhancement, NMSA 1978, § 31-18-16 (2022), to Defendant's conviction for shooting at or from a motor vehicle. In its order, the district court concluded that imposition of the firearm enhancement would violate Defendant's right to be free from double jeopardy "[b]ecause the use of a firearm is always required for this specific charge[.]" [RP 224-25] Determining whether a sentencing enhancement violates double jeopardy is a question of law, which we review de novo. *See State v. Torres*, 2018-NMSC-013, ¶ 17, 413 P.3d 467 ("A double jeopardy challenge presents a question of constitutional law, which we review de novo."); *State v. Redhouse*, 2011-NMCA-118, ¶ 5, 269 P.3d 8 ("We review [the d]efendant's contention that modification of [the] sentence violated [their] constitutional guarantee against double jeopardy under a de novo standard of review.").

**{3}**     The State argues the district court's ruling was erroneous "because [our] New Mexico Supreme Court has specifically held that the Legislature intended to create multiple punishments for the use of a firearm during the commission of a noncapital felony[.]" [BIC 1] We agree. In *State v. Baroz*, 2017-NMSC-030, 404 P.3d 769, our Supreme Court rejected the argument that imposition of the firearm enhancement violates double jeopardy where the use of a firearm is an element of the underlying conviction. *Id.* ¶¶ 20-27; *see also State v. Comitz*, 2019-NMSC-011, ¶ 43, 443 P.3d 1130 (rejecting the defendant's argument that enhancement of the sentence based on the presence of a firearm resulted in double jeopardy); *State v. Branch*, 2018-NMCA-031, ¶ 33, 417 P.3d 1141 (explaining that our Supreme Court has rejected the "contention that the firearm enhancement violates double jeopardy because use of a firearm is an element of the underlying crime").

**{4}**     Defendant asserts that "the legislative policy behind the firearm enhancement statute is meant to enhance certain noncapital felonies, but such a reading must be limited to those crimes that do not necessarily involve the use of a firearm." [AB 11] However, our Supreme Court's rationale in *Baroz* is not limited in such a manner, nor does it depend in any way on a distinction between crimes that are always committed with a firearm and those that are only sometimes committed with a firearm. *See Baroz*, 2017-NMSC-030, ¶ 27 ("The very nature of a firearm enhancement is to require the sentencing judge to increase or enhance the basic sentence that applies to the crime. By enacting the enhancement, the Legislature intended to authorize greater punishment for noncapital felonies committed with a firearm."). Rather, this Court expressly rejected the notion that "the firearm enhancement violates double jeopardy because use of a firearm is an element of the underlying crime." *Id.* ¶ 20. Accordingly, we must conclude that the reasoning of *Baroz* applies to Defendant's sentence for shooting at or from a motor vehicle. Although Defendant asserts our Supreme Court's analysis in *Baroz* is flawed [AB 9-10], we are not an appropriate audience for that argument because this Court is not at liberty to overrule precedents of our Supreme Court. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 22, 135 N.M. 375, 89 P.3d 47 ("[T]he Court of Appeals is bound by Supreme Court precedent.").

**{5}** For the foregoing reasons, we conclude that application of the statutory firearm enhancement does not violate Defendant's right to be free from double jeopardy. We therefore reverse the district court's order and remand for imposition of the firearm enhancement.

**{6}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**